O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BUSINESS CAPITAL CORP., <br><br> Plaintiff(s), <br><br> v. <br><br> GLOBEX BRANDS, INC. et. al., <br><br> Defendant(s). | CASE NO. SACV 09-866 DOC (ANx) <br><br> **O R D E R** DENYING MOTION FOR DEFAULT JUDGMENT |

Before the Court is a Motion for Default Judgment filed by Pacific Business Capital, Inc. ("Plaintiff") against Globex Brands, Inc. ("Motion") (Docket 35). After considering the moving papers and oral argument, the Court hereby DENIES the Motion.

**I.    BACKGROUND**

The alleged facts that the Court can glean from Plaintiff's Complaint are as follows. In December 2003, Globex Brands executed and delivered to Plaintiff an Accounts Receivable Purchase & Security Agreement (the "Agreement"). Under the terms of the Agreement, Plaintiff extended short term financing to Globex in exchange for the assignment of certain of Globex's

accounts receivable. Globex further assigned to Plaintiff a security interest in assets that could be recouped in the event that Globex defaulted on the loan. Plaintiff avers that Globex is currently in default.

Plaintiff further asserts that Dan E. Silberberg ("Silberberg"), an officer, director, and shareholder of Globex, executed a guaranty in favor of Plaintiff, guaranteeing payment and performance of all of Globex's obligations to Pacific (the "Guaranty"). According to Plaintiff, the purpose of the Guaranty was to induce Plaintiff to extend additional credit to Globex. Plaintiff states that Defendants are currently in default on the Guaranty.

In addition, Plaintiff alleges that Globex and Silberberg engaged in fraudulent conduct throughout the parties dealings, using fraudulent misrepresentations to convince Plaintiff to advance money and perform various services.

On August 31, 2010 the Clerk entered a default against Globex (Docket 27). Plaintiff now moves the Court for an entry of default judgment on its claims for (1) breach of contract and (2) fraud.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that may be considered by the Court in exercising its discretion to enter default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect[,] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam).

1  However, "necessary facts not contained in the pleading, and claims which are legally insufficient,
2 are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir.
3 1992). Where the pleadings are insufficient, the Court may require the moving party to produce
4 evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826
5 F.2d 915, 917-18 (9th Cir. 1987).

6     **III.    DISCUSSION**

7         **A.    Sufficiency of the Claims**

8 A Court may not enter default judgment on the basis of insufficient pleadings. *Cripps*, 980
9 F.2d at 1267. Therefore, before it may consider exercising discretion to enter default judgment, the
10 Court must determine whether Plaintiff's complaint states a viable cause of action. For the reasons
11 discussed below, the Court finds neither of Plaintiff's claims sufficient.

12         **1.    Breach of Contract Claim**

13 Under California law, the elements of a cause of action for breach of contract are as follows:
14 (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3)
15 defendant's breach, and (4) resulting damage to plaintiff. *Durell v. Sharp Healthcare*, 183 Cal. App.
16 4th 1350, 1367 (internal citations omitted). With respect to the first element, Plaintiff's Complaint
17 alleges that on or about December 17, 2003, Plaintiff and Globex entered into an "Accounts
18 Receivable Purchase & Security Agreement" (the "Agreement"). Complaint, at ¶ 5. The Complaint
19 further avers that Globex's director, Dan Silberg, executed a "Continuing Guaranty", reaffirming
20 Globex's commitments under the Agreement. *Id.* at ¶ 6. With respect to the second element, the
21 Complaint states that "Plaintiff has performed all conditions, covenants and promises required by
22 [the Agreement]." *Id.* at ¶ 10. The Complaint goes on to allege that Defendants are "in material and
23 continuing breach of the terms of the [Agreement]." *Id.*, at ¶ 9. Finally, the Complaint avers that
24 "as a direct and proximate result of the material and continuing breaches of GLOBEX and the facts
25 allege[d] herein, Plaintiff has suffered damages in an amount believed to exceed $600,000."

26 Although Plaintiff's complaint succeeds in setting forth the required elements of a breach of
27 contract claim, the facts alleged in support of these elements are strikingly cursory. This is
28 especially true with respect to Plaintiff's [lack of] description of the ways in which Globex failed

1  to perform. Plaintiff includes no specific facts with respect to Globex's breach, leaving the Court
2  at a loss to discern what occurred..

### 2.     Fraud Claim

Plaintiff's fraud claim fares no better. Federal Rule of Civil Procedure 9(b) requires that claims for fraud be plead with particularity. Fed. R. Civ. P. 9(b). *See also Sophia v. Myicis*, 2008 WL 5411479 at * 2 (N.D. Cal. 2008) (stating that "pleading standards [under Rule 9(b)] should be enforced strictly" in claims for default judgment); *In re Kubick*, 171 B.R. 658, 661 (9th Cir. BAP, 1994) (applying fraud heightened pleading standards in default judgment context, stating that "a default judgment should not be entered on a complaint that fails to support a claim for relief."). Plaintiff's complaint does not present a sufficiently particular fraud claim. In fact, Plaintiff's fraud cause of action strikes the Court as an attempted repackaging of its breach of contract claim.

In California, a breach of contract may give rise to a claim for fraud only where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Erlich v. Menezes*, 21 Cal.4th 543, 552 (1999). In other words, the plaintiff must allege "a harm above and beyond a broken contractual promise." *Genchev v. Detroit Diesel Corp.*, 2008 WL 4492648, at *5 (S.D. Cal. Oct. 2, 2008). Plaintiff does not do that here. Rather, Plaintiff's fraud allegations obviously invoke breach of contract theories, especially in Paragraph 20 of the Complaint where Plaintiff attempts to recast Globex's execution – and alleged nonperformance – of the contract as the following fraudulent misrepresentations: that Globex "would perform and comply with each term of the [Agreement]," Complaint, at ¶ 20(A); that Globex "was commercially and financially willing and able to perform and comply with each term of the [Agreement];" *id.* at ¶ 20(B); that Globex "would operate its business in a commerically reasonable manner;" *id.* at ¶ 20(C); and that "none of the accounts ... sold and assigned to Plaintiff by GLOBEX would be subject to any offsets, defenses, or counterclaims of any nature whatsoever." *Id.* at ¶ 20(D)**.** To the extent that Globex tries to hang its fraud claim on the allegation that Globex "knew" that it would not be able to perform under the contract and thus intentionally mislead Plaintiff, Plaintiff still fails to establish that these alleged "misrepresentations" caused any harm to Plaintiff that was separate from the harm caused by the alleged breach of contract. Plaintiff's fraud

4

claim clearly does not meet the heightened pleading standards of Rule 9(b). Default judgment will not be granted on this claim.

### B. The Court's Discretion to Grant Default Judgment

Even if the Court were to find Plaintiff's claims sufficient, the Court would still decline to exercise its discretion to enter default judgment. In determining whether to impose judgment by default, courts consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The second, third and fifth *Eitel* factors weigh strongly against the entrance of default judgment. As the [in]sufficiency of Plaintiff's complaint has been discussed in detail above, the Court focuses the following analysis on the substantive merits of Plaintiff's case and the possibility of dispute concerning material facts. Because this case is in its early stage, the Court admittedly has limited evidence to examine in evaluating these issues. The evidence that the Court does have, however, bodes poorly for Plaintiff. In support its Application for Default Judgment, Plaintiff submits a declaration from Dianna K. Dodge ("Dodge"), Plaintiff's Vice President of Administration. Dodge attests to the existence of the contract between Plaintiff and Globex, Dodge Decl. at ¶ 5, and reports that Plaintiff has complied with all of its obligations under the Agreement. *Id.* at ¶ 8. Like the Complaint, however, Dodge provides no factual details regarding the nature of Globex's alleged breach. She simply incorporates into her Declaration a letter from Plaintiff's attorney to Silberberg that purports to inform Silberberg of Globex's defaults under the Agreement ("Default Letter"). *Id.* at 7 (stating that PBCC "gave GLOBEX a written notice of ... material defaults ... . A true and correct copy of that notice of default is attached hereto as Exhibit 'C'..."). The Court's review of the Default Letter reveals little more than cursory boilerplate. In purporting to inform Silberberg of Globex's defaults, the Default Letter simply reports that "Globex's defaults

5

include, but are not limited to, the following: (1) failure to pay all indebtedness to PBCC when due ... (2) failure to perform in accordance with Paragraph 55 of [the Agreement]." Default Letter, Exh. C to Dodge Decl.  Paragraph 55 of the Agreement is simply an illustrative list of various things that may qualify as a default.  The Dodge Declaration does little, if anything, to inform the Court of *how* Globex shirked its obligations under the Agreement.

The Court's review of the Agreement itself (attached as Exhibit A to Dodge's declaration) proves similarly damaging to Plaintiff's claims.  The Agreement – at least the portions submitted by Plaintiff – fails to specifically set out material aspects of the bargain.  Most egregiously, the Agreement does not disclose the benefit that Globex allegedly received as a result of the transaction. The Agreement simply states, in boilerplate fashion, "Client desires to obtain short term financing by factoring, selling, and assigning to PBCC acceptable accounts receivable at a discount below face value."  The Agreement, as presented by Plaintiff, is mum with respect to crucial facts like the amount of financing received, the interest rate, or the deadline for repayment.  The Agreement also fails to state which, or even how many, "accounts receivable" Globex allegedly assigned to Plaintiff. This kind of vague, boilerplate contract does not move to Court to exercise its discretionary power to enter default judgment. Plaintiff's case appears to lack merit.  At the very least, the likelihood of dispute concerning material facts is substantial.  Evaluation of factors two, three and five weighs decidedly against default.

The combined impact of the first, fourth and seventh *Eitel* factors is equivocal.  Factors one and seven appear to cancel each other out. As in any default judgment case, Plaintiff has incurred prejudice as a result of Defendant's failure to answer its allegations in court.  This hypothetical prejudice, however, becomes less compelling when considered in conjunction with the apparent weakness of Plaintiff's claims.  Moreover, as always, the policy favoring judgment on the merits counsels against default judgment. Regarding factor four, the amount of money at stake in this action is unclear, as the amount of Plaintiff's recovery depends largely on the validity of its contract claims.

The only factor that militates in favor of default is factor six: the possibility that the

defendant's default resulted from excusable neglect. Here, it is undisputed that Globex was previously served with the complaint and even attempted to appear *pro se*. Globex was informed that corporations cannot proceed *pro se*. Even after this warning, Globex failed to retain an attorney and appear in court. This factor alone, however, does not outweigh the other factors, which more strongly counsel against the granting of Plaintiff's motion. The Court declines to exercise its discretion to grant a default.

**IV.  Disposition**

For the foregoing reasons, Plaintiff's Motion for a Default Judgment is DENIED WITHOUT PREJUDICE.

Should Plaintiff wish to renew its Motion for Default Judgment, Plaintiff shall do so by February 21, 2011. If Plaintiff fails to file anything by that date, Plaintiffs' case will be dismissed.

IT IS SO ORDERED.

DATED: January 7, 2011

_____

DAVID O. CARTER

United States District Judge

7